UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
**RODNEY FERRER**                                           :
                                                            :
                **Plaintiff,**     :      **REPORT AND**
                                                            :      **RECOMMENDATION**
        - against -                                      :
                                                            :      08 Civ. 6527 (SCR)(PED)
**SUPERINTENDENT ORANGE COUNTY**                            :
**JAIL, et al.**                                            :
                                                            :
                **Defendants.**    :
                                                            :
------------------------------------------------------------x

**TO:   THE HONORABLE STEPHEN C. ROBINSON**
        **UNITED STATES DISTRICT JUDGE**

**INTRODUCTION**

       Plaintiff (who is proceeding pro se) has filed a Complaint ("Complaint")(Docket entry # 2) under 42 U.S.C. § 1983 that alleging excessive force. Before the Court is a Motion to Dismiss the Complaint against Defendant Superintendent of the Orange County Jail (the "Superintendent")[1] and the two (2) unidentified John Doe defendants (Docket entry # 7) with supporting memorandum of law ("Motion")(Docket entry # 8).[2] Defendants seek dismissal of the claims against the Superintendent, pursuant to Rules 12(b)(5) and 4(m) of the Federal Rules

---

[1] In the Motion, Defendants note that "there is no person with the title of Superintendent at the Orange County Jail" but identify Mr. Dominic Orsino as the person with "the responsibility of supervising and overseeing the jail operation." (Mot. at 2-3 (citing to Affidavit of Mr. Orsino, which appears as Ex. C to the Notice of Motion to Dismiss (Docket entry # 7)).)

[2] This matter was originally assigned to the Honorable Alvin K. Hellerstein, United States District Judge, and the subject motion was filed before Judge Hellerstein. As noted herein, Judge Hellerstein conducted a conference in this matter on February 27, 2009, and entered an Order in connection with the motion. (Docket entry # 13.) On March 11, 2009, the case was reassigned to the Honorable Stephen C. Robinson, United States District Judge. (Docket entry # 15.) On March 18, 2009, Judge Robinson issued an Order referring this case to the undersigned for "All Matters." (Docket entry # 16.)

of Civil Procedure, for failure to serve the Summons and Complaint upon this defendant. Defendants also seek dismissal of the claims against the Superintendent and the two (2) John Doe defendants under Rule 12(b)(6), for failure to state a claim upon which relief can be granted, because of Plaintiff's failure to make allegations of personal involvement on the part of these three defendants in the alleged violations. For the reasons set forth below, I respectfully recommend that the motion to dismiss be **GRANTED**.

**FACTS**

On or about July 23, 2008, Plaintiff filed a Complaint in this action making claims of excessive force under § 1983. This action arises from the alleged physical beating and use of mace against Plaintiff in his cell in the Orange County Jail on November 18, 2006. In the Complaint, Plaintiff names and makes specific allegations about two of the named Defendants (Sgt. Rothman ("Rothman") and Correctional Officer Emerson ("Emerson")) but does not identify or make reference to the Superintendent or any other correctional officers or employees of the jail. Plaintiff alleges that photographs taken[3] of his injuries the next day.[4]

---

[3] Presumably, Plaintiff mentions these photographs as a means of indicating the existence of evidence to support to his claims and not as an allegation that the taking of the photographs was part of the misconduct he alleges.

[4] The entirety of the allegations in Plaintiff's Complaint are as follows:

> Sgt. Rothman and Officer M. Emerson entered my cell and Sgt. Rothman started assaulting me. This was all precipitated by them alleging that I had refused recreation. After the assault and as they all were exiting my cell I requested a grievance, at which time they turned around and ma[c]ed me. There were photos taken of my injuries the following day 11/19/06.

(Compl. at 3.) Plaintiff alleges that, as a result of this incident, he suffered injuries (necessitating medical treatment) as follows:

2

On November 6, 2008, Defendants filed the present Motion seeking (1) dismissal of the Complaint against the Superintendent on grounds of insufficient service and (2) dismissal of the Complaint against the Superintendent and the two (2) John Doe defendants for failure to state a claim upon which relief can be granted because of the Complaint's lack of allegations of personal involvement by these three defendants in the alleged violations. On February 27, 2009, Judge Hellerstein entered an Order directing Plaintiff as follows:

> "By May 1, 2009, plaintiff shall amend his complaint, if he chooses to do so, by naming the John Doe defendants that appear in his original complaint.
>
> . . . Plaintiff must then properly and promptly serve these additional defendants.
>
> . . . By May 1, 2009, plaintiff shall submit to the court his opposition to defendants' pending motion to dismiss regarding the superintendent's liability."

(Docket entry # 13.) Judge Hellerstein's Order further explained the possible consequences of Defendants' 12(b)(6) motion, including the possibility of dismissal. (Docket entry # 13.) On August 12, 2009, at a status conference before the undersigned, Plaintiff was given a further extension of time, until September 30, 2009, to respond to the Motion.[5]

Plaintiff has failed to respond to the Motion and has failed to serve the Superintendent. He has also failed to amend his Complaint to identify (or make allegations against) the John Doe defendants or to effect service of the Complaint upon them. The Court must now issue a ruling

---

> Sti[t]ches in head and left eye, severely swollen, lacerations about face, and bruising and swelling on back, legs, chest, arms. C[aul]liflower ear.

(Compl. at 3.)

[5] Plaintiff participated in this conference by telephone from the correctional facility where he was then confined.

3

regarding the unopposed Motion. For the reasons that follow, I conclude that the Complaint should be dismissed as to each of the three (3) defendants for whom dismissal is sought.

## DISCUSSION

### I. Applicable Law

In considering a motion to dismiss pursuant to Rule 12(b)(5) for insufficiency of process, a court must look to matters outside the complaint to determine whether it has jurisdiction. Mende v. Milestone Technology, Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). Conclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process. Id. (citing Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), aff'd, 173 F.3d 844 (2d Cir. 1999)). When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy. Mende, 269 F. Supp. 2d at 251. Rule 4(m) requires that, upon motion to dismiss for failure to serve a defendant within 120 days of the filing of the Complaint, if a Plaintiff has received notice of the request for dismissal and has failed to show "good cause" for the failure to serve, a court must dismiss the action against that defendant without prejudice. Fed. R. Civ. Pro. 4(m). Where subsequent service of a complaint upon the defendant would be futile, the Court need not dismiss the action against that defendant without prejudice and may instead dismiss it with prejudice. See Mende, 269 F. Supp. 2d at 252.

When reviewing a complaint upon a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all the complaint's well-pleaded factual allegations and draw all inferences in favor of the plaintiff. Cleveland v. Caplow Enterprises, 448 F.3d 518, 521 (2d Cir.

4

2006). A complaint should be dismissed only if it fails to set forth sufficient allegations of fact to state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Because Plaintiff is proceeding pro se, this Court must give the Complaint a liberal construction that sets forth the strongest claims it suggests. See Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007); Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999).

## II. Failure to Serve Summons and Complaint

Defendants argue that the Complaint should be dismissed as to the Superintendent[6] because he was never properly served with the Summons and Complaint. (Mot. at 2-3.) Mr. Dominic Orsino, who was identified in the Motion as the individual Plaintiff was likely targeting as Superintendent, has provided a sworn affidavit indicating that he was never served with the Summons and Complaint. (Orsino Aff. ¶ 3, appearing as Ex. C to the Notice of Motion to Dismiss (Docket entry # 7).) The docket for this Court indicates service was effected upon two other defendants (Rothman and Emerson)(Docket entries # 14 and #10, respectively), but does not indicate service has been effected upon Mr. Orsino (or any other individual served as "Superintendent"). Plaintiff has not responded to Defendants' Motion in order to contest this request for dismissal and did not contend at the August 12, 2009 status conference that he had properly served Mr. Orsino (or any other individual who could conceivably be the

---

[6] Although the Defendants note in the Motion that they do not concede that proper service has been effected upon the John Doe defendants (Mot. at 3), they do not at this time seek dismissal as to these defendants for insufficient service of process.

Superintendent).[7] Therefore, in accordance with Rule 4(m), I conclude that the Complaint should be dismissed as to the Superintendent. See Mende, 269 F. Supp. 2d 246.

Because the statute of limitations for an action brought under § 1983 is three (3) years, Shomo v. City of New York, 579 F.3d 176, 180 (2d Cir. 2009), and the incident giving rise to this action is alleged to have occurred in November 2006, more than three (3) years ago, it would be futile for Plaintiff to file and serve upon Mr. Orsino another Complaint related to these this alleged incident. Accordingly, the Complaint need not be dismissed without prejudice as would generally be required by Rule 4(m), see Mende, 269 F. Supp. 2d at 252, and I conclude that it should be dismissed as to the Superintendent with prejudice.

## III. Failure to State a Claim

Defendants argue that the Complaint should be dismissed as to the John Doe defendants for failure to allege personal involvement on the part of these defendants, as would be required to state a claim against them.[8] (Mot. at 3-5.) Even liberally construed, the Complaint cannot be read to include any allegation of personal involvement in the alleged misconduct on the part of any John Doe defendant. Because the Complaint does not even make reference to any "John Doe" (or otherwise unidentified) individuals alleged to have been involved in the incident about

---

[7] The parties also appeared (Plaintiff by telephone) at a conference before the undersigned on April 29, 2009. Plaintiff made no representation at this conference that Mr. Orsino (or any other individual who could conceivably be the Superintendent) had been properly served.

[8] Defendants also argue for dismissal of the Complaint as to the Superintendent due to lack of allegations of personal involvement on the part of the Superintendent. (Mot. at 3-5.) Because dismissal with prejudice on 12(b)(5) grounds is appropriate, the Court need not reach this argument. I note, however, that, at the August 12, 2009 conference, Plaintiff stated that he had named the Superintendent (who Plaintiff accepted to be Mr. Orsino) because he believes him to be responsible in this action because of his role in overseeing the facility, because Plaintiff believes that Mr. Orsino was aware of the other defendants' involvement in the alleged abuse of Plaintiff, and because Plaintiff believes the Superintendent had failed to address previous abuses at the facility.

6

which Plaintiff complains, it fails to set forth sufficient allegations of fact to state a claim for relief that is "plausible on its face" as to either of the John Doe Defendants. See Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004)(quoting Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001))("A finding of 'personal involvement of [the individual] defendants' in an alleged constitutional deprivation is a prerequisite to an award of damages under Section 1983."); Iqbal, 129 S. Ct. at 1940.

Plaintiff has been on notice of this of this deficiency for more than a year and has failed to amend his Complaint or to respond to the Motion (despite having been given two deadlines – May 1, 2009, and September 30, 2009 – to amend and/or to file any response). Accordingly, I conclude – and respectfully recommend that Your Honor should conclude – that the Complaint should be dismissed with prejudice as to the two (2) John Doe defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to properly serve Defendant Superintendent of Orange County Jail and has failed to state a claim against the two (2) John Doe defendants. Therefore, I conclude – and respectfully recommend that Your Honor should conclude – that Defendants' Motion to Dismiss the Complaint as to these three (3) defendants should be **GRANTED**.

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(d), or a total of seventeen (17) days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the

7

Clerk of the Court with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Robinson.

Dated: December 4, 2009
      White Plains, New York

                                        Respectfully Submitted,

                                        Paul E. Davison
                                        United States Magistrate Judge
                                        Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

                The Honorable Stephen C. Robinson
                United States Courthouse
                300 Quarropas Street
                White Plains, New York  10601

                Rodney Ferrer, *pro se*
                DIN # 08-A-2299
                Elmira Correctional Facility
                1879 Davis Street, P.O. Box 500
                Elmira, NY 14902-0500

Laura Wong-Pan, Esq.
County Attorney
County of Orange, New York Law Dept.
255 Main Street
Goshen, NY 10924